STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 1697

THE BANK OF NEW YORK, TRUST U/A DATED 12/01/2001 (EQCC TRUST
2001-1F)

VERSUS

LLOYD H. BASS, JR., JOYCE LYNN BASS GALLMAN, AND DAVID
GALLMAN

Judgment rendered  **NOV 0 9 2020**

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
No. 100749, Div. "D"

The Honorable M. Douglas Hughes, Judge Presiding[1]

* * * * *

Sherman Q. Mack
Matthew H. Todd
Albany, Louisiana

Attorneys for Intervenor/Appellant
Parker's Unlimited, LLC

Tabitha Mangano
Cris Jackson
Rader Jackson
New Orleans, Louisiana

Attorneys for Plaintiff/Appellee
The Bank of New York, Trust
U/A Dated 12/01/2001(EQCC Trust
2001-1F)

Robert H. Harrison
Watson, Louisiana

Attorney for Defendants/Appellees
Lloyd H. Bass, Jr., Joyce B. Gallman
and David Gallman

* * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

---

[1] The Honorable William J. Burris signed the judgment at issue in this appeal pursuant to a *pro tempore* appointment.

Penzato, J., concurs

**HOLDRIDGE, J.**

In this suit involving a mortgage, the intervenor appeals a judgment denying its request for a permanent injunction to prevent the seizure and sale of its immovable property. For the reasons set forth herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

The intervenor, Parker's Unlimited, LLC ("Parker's"), filed a petition for intervention, for a preliminary and permanent injunction, and for a declaratory judgment regarding a writ of seizure and sale filed by the plaintiff, The Bank of New York, Trust U/A Dated 12/01/2001 (EQCC Trust 2001-1F) ("Bank of New York"), on immovable property owned by Parker's in Walker, Louisiana, in Livingston Parish. The writ of seizure and sale was based on a promissory note and a mortgage on the property executed by the defendants, Lloyd H. Bass, Jr., Joyce Lynn Bass Gallman, and David A. Gallman (hereinafter sometimes collectively referred to as "the defendants"), on July 9, 2001, in favor of Bank of New York's predecessor in interest.[2] The note was payable in monthly installments and was to mature on July 15, 2031. The mortgage was recorded in the records of Livingston Parish on July 10, 2001.

Bank of New York had previously filed a petition for executory process against the defendants to enforce the delinquent note and mortgage on July 14, 2003. In 2010, Bank of New York converted the executory proceeding into an ordinary proceeding seeking recognition of its note and mortgage. On October 12, 2012, the trial court rendered a money judgment in favor of Bank of New York on the note for $145,755.48, together with interest and costs, against Mr. Bass and Ms. Gallman, but the trial court found that there was substantial error as to the

---

[2] Some of the facts in this matter are taken from the earlier appeal in this case. **Bank of New York Trust v. Bass**, 2013-0405 (La. App. 1 Cir. 11/13/13), 2013 WL 6040235 at *1-2 (unpublished opinion).

2

property that the defendants intended to mortgage and rescinded the mortgage. The trial court determined that the mortgage covered only part of the property, not the entire tract of land. On the appeal of that judgment, this court found that the trial court erred in rescinding the mortgage and concluded that Bank of New York had a valid and enforceable mortgage over the entire 1.33 acre tract of land mortgaged by the defendants. **Bank of New York Trust v. Bass**, 2013-0405 (La. App. 1 Cir. 11/13/13), 2013 WL 6040235 at *1 (unpublished opinion). This court affirmed the money judgment, reversed the rescission of the mortgage, rendered judgment recognizing the mortgage on the entire tract of land, and amended the trial court's judgment accordingly. **Id**. This court rejected the defendants' contention they had only intended to mortgage the house on the property, not the entire tract of land, which included an adjacent parcel of commercial property. **Id**. at *3. Therefore, pursuant to the judgment of this court, Bank of New York has a final judgment recognizing that it has a mortgage on the entire 1.33 acre tract of land in Livingston Parish, as fully and legally described in our opinion, which is valid and enforceable.

While the prior proceeding was pending, Mr. Bass sold .752 acres, part of the 1.33 acre tract, to Howard S. Robinson, who then sold the property to Gordon L. Swain, Jr.[3] Mr. Swain executed a mortgage on that portion of the property on April 7, 2009, then defaulted; the mortgagee, Gulf Coast Bank and Trust Company, foreclosed on the property. A sheriff's sale took place on July 21, 2011, and Parker's bought the .752 acres.

---

[3] In Parker's petition for intervention, it alleged that Mr. Bass sold .752 acres to Mr. Robinson. In this court's prior opinion, this court stated that Mr. Bass sold the house to Mr. Robinson, which it described as being situated on approximately 0.5 acres. **Bank of New York Trust**, 2013 WL 6040235 at *3.

3

On April 18, 2018, Bank of New York requested a writ of fieri facias to seize and sell the property in accordance with this court's November 13, 2013 judgment, which recognized that Bank of New York had a valid mortgage on the entire 1.33 acre tract. The writ requested that the property be sold at sheriff's sale to satisfy Bank of New York's mortgage. Parker's intervened, alleging that it acquired title to the .752 acres, which were part of the 1.33 acre tract over which Bank of New York had obtained a judgment, and seeking to enjoin the seizure and sale of the property and to obtain a judgment declaring it to be the sole owner. Following a hearing, the trial court granted a preliminary injunction staying the sheriff's sale. Parker's request for permanent injunction was thereafter set for hearing, and the matter was heard. On July 16, 2019, the trial court signed a judgment denying Parker's request for a permanent injunction after reviewing the memoranda submitted by the parties and concluding that this court's November 13, 2013 judgment recognized that Bank of New York had a valid, enforceable judgment and mortgage on the entire 1.33 acre tract of property that had been mortgaged by the defendants.[4] From this judgment, Parker's appeals.[5]

## DISCUSSION

Injunctive relief prohibiting the sheriff from proceeding with the sale of property seized under a writ of fieri facias shall be granted to a third person claiming ownership of the seized property when the sheriff is proceeding with the execution contrary to law. La. C.C.P. art. 2298(1). In this case, the facts are not in dispute. Appellate review of questions of law is simply a review of whether the trial court was legally correct or legally incorrect. **Louisiana Hosp. Ass'n v.**

---

[4] Parker's also sought a declaratory judgment that it owned the .752 acres at issue, but the record does not contain a hearing or ruling on the request for a declaratory judgment.

[5] Although the judgment in this case does not address the request for a declaratory judgment, La. C.C.P. art. 3612(B) provides that an appeal may be taken as a matter of right from a judgment relating to a "final" injunction.

4

**State**, 2013-0579 (La. App. 1 Cir. 12/30/14), 168 So.3d 676, 685, <u>writ denied sub nom</u>. **Louisiana Hosp. Ass'n v. State ex rel. Dep't of Ins.**, 2015-0215 (La. 5/1/15), 169 So.3d 372.

In its reasons for judgment, the trial court stated that it denied Parker's request for a permanent injunction because Bank of New York held a superior mortgage on the property. On appeal, Parker's contends that the trial court erred in finding that Bank of New York was a valid, superior lienholder, and that seven years after the sheriff's sale, Parker's as an "innocent" buyer, without any notice of Bank of New York's lien, was without remedy.

In this matter, Bank of New York's mortgage on the entire 1.33 acre tract was recorded in the official records prior to the sale of the .752 acre tract to both Mr. Robinson and Mr. Swain, the recordation of the second mortgage on the .752 acre tract, and ultimately, the sheriff's sale to Parker's. In determining that Bank of New York was the superior lienholder, the trial court properly relied on La. C.C.P. art. 2372, which states with regard to judicial sales, "The property is sold subject to any real charge or lease with which it is burdened, superior to any security interest, mortgage, lien, or privilege of the seizing creditor." Moreover, La. C.C. art. 3307(2) and (3) provide that "mortgaged property may not be transferred or encumbered to the prejudice of the mortgage" and that "the mortgagee is preferred to the unsecured creditors of the mortgagor and to others whose rights become effective after the mortgage becomes effective as to them." Therefore, as recognized by this court in **Bank of New York Trust v. Bass**, 2013 WL 6040235 at *1, Bank of New York's mortgage is a valid first mortgage on the entire 1.33 acre tract. This superior mortgage is entitled to be enforced in preference to all persons and inferior lienholders, including Parker's.

The trial court also properly rejected Parker's contention that the effectiveness of Bank of New York's mortgage recordation had ceased by the passage of a ten-year term pursuant to La. C.C. art. 3357, which states, "Except as otherwise expressly provided by law, the effect of recordation of an instrument creating a mortgage or pledge or evidencing a privilege ceases ten years after the date of the instrument." The mortgage in this case is governed by La. C.C. art. 3358, which states:

> If an instrument creating a mortgage or pledge or evidencing a privilege describes the maturity of any obligation secured by the mortgage, pledge, or privilege and if any part of the described obligation matures nine years or more after the date of the instrument, the effect of recordation ceases six years after the latest maturity date described in the instrument.

Bank of New York's mortgage was dated July 9, 2001, and expressly stated that the maturity date is 2031. Therefore, under La. C.C. art. 3358, the recordation of the mortgage remains valid until July 15, 2037, and Bank of New York was not required to reinscribe its mortgage before then.

The trial court also rejected Parker's contention that Bank of New York was limited in its redress by La. R.S 13:3886.1, which provides that any lienholders or other interested persons having an interest in property sold at a sheriff's sale shall have the exclusive remedy of instituting a claim by summary pleadings within one year from the date of the sheriff's adjudication, proving that they were damaged by the failure to notify them. The trial court found that La. R.S. 13:3886.1 applies only to *inferior* lienholders and thus did not apply to Bank of New York because it was a *superior* lienholder.[6]

---

[6] Louisiana Revised Statute. 13:3886.1 states, in pertinent part:

> A. The failure to notify any lienholder or other interested person having an interest in the property shall not affect the rights of the seizing creditor nor invalidate the sheriff's sale; nor shall any lien, privilege, or other encumbrance that is inferior to the rank of the lien of the seizing creditor affect the property

6

The trial court stated that because Bank of New York was a superior lienholder, La. C.C.P. art. 2378 applies, which provides: "When the purchaser fails to pay a security interest or mortgage superior to the security interest, mortgage, lien, or privilege of the seizing creditor, the superior security interest or mortgage may be enforced under any of the applicable provisions of [La. C.C.P.] Articles 3721 through 3743, or as otherwise provided under applicable law." Louisiana Code of Civil Procedure article 3741 provides, in pertinent part, that a "conventional mortgage may be enforced without reference to any alienation or transfer of the mortgaged property from the original debtor, and the creditor may cause the property to be seized and sold as though it were still owned by the original debtor and in his possession." In this case, Bank of New York obtained a judgment in an ordinary proceeding recognizing that it has a valid mortgage on the 1.33 acre tract of land previously mortgaged by the defendants. That judgment allows Bank of New York to have the property seized and sold to enforce its superior mortgage in accordance with La. C.C.P. art. 3741.

Finally, we must address whether Parker's has any basis to obtain an injunction to arrest the sheriff's sale, which is proceeding according to Bank of New York's seizure and sale. According to La. C.C.P. art. 3743, which provides in pertinent part:

> When property subject to a legal or a judicial mortgage is seized to enforce the mortgage, or is about to be seized for this purpose, and the property is no longer owned by the original debtor, the third possessor has the following rights:
>
> (1) To arrest the seizure, or threatened seizure, and consequent judicial sale of the property by injunction on the grounds that the mortgage was not recorded, that the inscription of its recordation had perempted, or that the debt secured by the mortgage is prescribed or

after the sheriff's adjudication. The exclusive remedy for any person affected by the provisions of this Subsection shall be to institute a claim by summary pleadings, within one year from the date of the sheriff's adjudication, proving that he has been damaged by the failure to notify him....

7

extinguished, or to plead discussion as provided in [La. C.C.P.] Articles 5154 and 5155; and

(2) All of the rights granted a third possessor under [La. C.C.P.] Article 2703 (1) and (3).

Louisiana Code of Civil Procedure article 2703 states in pertinent part:

When property sold or otherwise alienated by the original debtor or his legal successor has been seized and is about to be sold under executory process, a person who has acquired the property subject to the mortgage or privilege thereon and who has not assumed the payment of the indebtedness secured thereby may:

(1) Pay the balance due on the indebtedness, in principal, interest, attorney's fees, and costs; [or]

. . .

(3) Intervene in the executory proceeding to assert any claim which he has to the enhanced value of the property due to improvements placed on the property by him, or by any prior third possessor through whom he claims ownership of the property. This intervention shall be a summary proceeding initiated by a petition complying with [La. C.C.P.] Article 891.

Because Bank of New York holds a superior mortgage, the only challenges Parker's can raise to the seizure and sale of the immovable property by Bank of New York are set forth in La. C.C.P. arts. 3743 and 2703 (1), (3). These provisions do not address Parker's complaints that it did not have notice of Bank of New York's mortgage because the mortgage certificate did not list it, and due to the inclusion of language in the 2011 sheriff's sale directing the Clerk of Court "to cancel and erase from the records of his office all mortgages, liens and judgments insofar as they affect the property described herein ...." Louisiana Code of Civil Procedure article 2376 states that the sheriff shall give the purchaser at the sale "a release ... from all inferior ... mortgages." In this case, Bank of New York's mortgage is a superior mortgage. Parker's had the responsibility to ascertain if the property it purchased at the sheriffs' sale was not encumbered by a superior mortgage. See La. C.C.P. art. 2372; see also **Mooring Tax Asset Group, L.L.C.**

**v. James**, 2014-0109 (La. 12/9/14), 156 So.3d 1143, 1151 (noting that persons are held to have constructive notice of the existence and contents of recorded instruments affecting immovable property). Likewise, Parker's assertion that if the sheriff's sale through which it acquired the property was not sufficient to discharge superior mortgages, then the property should not have been sold, pursuant to La. C.C.P. art. 2337, is not a basis for Parker's to challenge the seizure and sale in this case.[7] The property Parker's purchased was sold subject to any superior mortgages. Bank of New York's mortgage has been recognized as a valid mortgage by virtue of this court's November 13, 2013 judgment, and it was a superior mortgage encumbering the property. Therefore, Parker's contentions in support of its request for a permanent injunction have no merit.

## CONCLUSION

For the above and foregoing reasons, the trial court's judgment of July 16, 2019, denying Parker's Unlimited, LLC's request for permanent injunction is affirmed. Costs of this appeal are assessed against Parker's Unlimited, LLC.

**AFFIRMED.**

---

[7] Louisiana Code of Civil Procedure article 2337 states, "If the price offered by the highest bidder at the first or subsequent offering is not sufficient to discharge the costs of the sale and the security interests, mortgages, liens, and privileges superior to that of the seizing creditor, the property shall not be sold." This article may give Parker's a right to challenge the validity of the sheriff's sale where it purchased the property, but it in no way prevents a superior mortgage holder from enforcing a valid mortgage that it holds upon the property.

9